UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAFAEL KENNEDY,           )
  Plaintiff,              )
                          )      Case No. 16-3332
                          )
SGT. GARRETT, et.al.,     )
  Defendants              )

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated at Western Illinois Correctional Center by five Defendants including Sergeant Garrett, Lieutenant Haubrich, Nurse K. Kaler, Officer Barnett and Officer Zoller. On July 11, 2016, Plaintiff says Defendants Garrettt, Barnett, Haubrich, and Zoller used excessive force against him.

Plaintiff has attached an Adjustment Committee Report concerning the same incident to his complaint. (Comp, p. 11). Plaintiff was found guilty of assaulting a staff member by throwing liquid onto an officer.[1] The report states Plaintiff refused several

---

[1] Plaintiff received three months in segregation, three months c grade and various restrictions, but he did not lose good time credits as a result of the disciplinary ticket. (Comp., p. 11).

orders to lock up, argued with officers, and then threw liquid onto Defendant Barnett. The officers claim when they attempted to apply wrist restraints, but Plaintiff became combative and he was taken to the ground. (Comp., p. 11).

Plaintiff claims he was handcuffed when the Defendants body slammed him to the floor, kneed him in the face, punched him in face, pushed him into a wall, and then kicked him in the mouth knocking out one of his teeth.[2]

Plaintiff has adequately alleged Defendants Garrettt, Barnett, Haubrich, and Zoller used excessive force on July 11, 2016.  However, Plaintiff is admonished that unless he can demonstrate the disciplinary ticket has been expunged, he will not be able to contradict the disciplinary judgment. *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). In other words, Plaintiff will not be able to deny he threw water on an officer, before the alleged incident of excessive force.

Plaintiff next alleges he asked for medical attention and Defendant Nurse Kaler responded.  Plaintiff says he "explained to her my pain she said I'll be fine and walked off." (Comp., p. 20).  Plaintiff has also attached Nurse Kaler's medical record which indicates Plaintiff had one "superficial laceration" less than ¼ of an inch long and redness around both wrists. (Comp., p. 16).  The area was cleaned, but no further treatment is indicated in the report.

---

[2] Plaintiff mentions some John Does in his complaint, but he has not listed any John Does as Defendants.

Plaintiff's attached grievance stating he was transferred to Pontiac Correctional Center where he was seen by a nurse when he arrived the morning after the incident. Plaintiff says a new nurse provided treatment for his wounds and pain medication for his headache, but he was not provided ice for his swollen face. (Comp., p. 6). The attached medical record indicates Plaintiff entered Pontiac with small, superficial scrapes on both wrists, a small superficial laceration over Plaintiff's right eye. (Comp. p. 17). The medical record noted no further medical issues and no follow-up appointments or treatment ordered. (Comp., p. 18). There is no report of a problem with any of Plaintiff's teeth, nor does Plaintiff allege he told either nurse about his tooth, or that he needed treatment for tooth pain.

To establish an Eighth Amendment violation, a plaintiff must be able to demonstrate he suffered from a serious medical condition and the Defendants were deliberately indifferent to that condition. *See Farmer v Brennan*, 511 U.S. 825 (1994). "Serious conditions include those that significantly affect the person's daily activities, feature chronic and substantial pain, or could result in further significant injury or unnecessary pain if left untreated." *Taylor v. Smith*, 2017 WL 1077654 at *5 (S.D. Ind. 2017) citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

There is nothing in the complaint or attachments to indicate Plaintiff told Nurse Kaler about his tooth or that she had any other reason to know he had any tooth problem. In addition, the Court cannot infer Plaintiff suffered from an objectively serious medical need based on the injuries he did report or were visible to Nurse Kaler. *See Pinkston v. Madry,* 440 F.3d 879, 891(7th Cir.2006)(split lip and swollen cheek not a

serious medical need); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (holding that minor scrapes and bruises do not amount to serious medical needs); *Caldwell v. McEwing*, 2006 WL 2796637, at *11 (C.D.Ill. Sept. 28, 2006)(swollen eye, 1/2 inch cut not requiring stiches, minor bruises and scrapes does not constitute a serious medical need); *Murrell v. Bukowski,* No. 08–2044, 2011 WL 884736, at *16 (C.D.Ill. Mar.11, 2011) (a prisoner's "busted lip" caused by fighting was not objectively serious); *Willis v. Scrogum,* 2006 WL 2597889, at *6, 7 (C.D.Ill. Sept. 8, 2006) (a prisoner who suffered abrasions on his forehead and both sides of his face as well as an abrasion on his lower lip after a fight did not demonstrate the existence of an objectively serious medical need); *Scholes v. Fayette County Jail*, 2011 WL 2115874, at *4 (S.D.Ill May 26, 2011)("the normal incidents of fighting, e.g., abrasions, bruising, and mild bleeding" …"were not objectively serious ones to which the medical staff were recklessly indifferent."); *Alvarado v. Battaglia,* 539 F.Supp.2d 1022, 1027–28 (N.D.Ill. Feb. 13, 2008) (a prisoner who suffered a small cut on his lip and made subjective complaints of pain in his groin and knee after a fall in the prison yard did not show the existence of an objectively serious medical need).  Therefore, based on the allegations in the complaint and the attachments to the complaint, Plaintiff has not articulated a claim against Defendant Nurse Kaler or any other individual based on deliberate indifference to a serious medical condition.

    The Court notes it is unclear whether Plaintiff exhausted his administrative remedies as required before filing his lawsuit.  Plaintiff has checked the box on his complaint form indicating he did complete the grievance process. (Comp., p. 3).

However, the only response from the Administrative Review Board he has provided indicates Plaintiff did not properly submit his grievance. (Comp., p. 12). Nonetheless, exhaustion is an affirmative defense better addressed in a motion for summary judgment.

Finally, Plaintiff has filed a motion for appointment of counsel [5] The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case. In deciding this issue, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has demonstrated an attempt to find counsel on his own. However, Plaintiff has provided no other information in support of his motion. Plaintiff's complaint adequately sets forth his intended claims and the factual basis for his claims. In addition, Plaintiff should be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Furthermore, once Defendants have been served, the Court will enter a scheduling order providing important information to assist the Plaintiff and requiring the parties to provide relevant, initial discovery. Finally, the Plaintiff has at least some litigation experience. *See Kennedy v. State Tactical Unit*, Case No. 14-3295. Therefore, his motion is denied. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Garrettt, Barnett, Haubrich, and Zoller used excessive force against him on July 11, 2016.  The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Nurse Kaler for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel [5]:  3)Deny Plaintiff's motion for a status update as moot [7]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 3rd day of April, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE